FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 10 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
VICTORIANO BRAVO,

                    Plaintiff,

    -against-

MERSCORP, INC. et al.,

                    Defendant.
------------------------------------------------------------- x

**MEMORANDUM AND ORDER**

1:12-CV-884 (ENV)(LB)

**VITALIANO, D.J.**

        On February 22, 2012, *pro se* plaintiff Victoriano Bravo filed this action against defendants, MERSCORP Holdings, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of America Corp. ("BOA"), BAC Home Loans Servicing, LP ("BAC Home Loans"), and Bank of America N.A. ("BANA"). By Memorandum and Order dated April 9, 2013, the Court dismissed the majority of plaintiff's claims with prejudice. *Bravo v. MERSCORP, Inc.*, 2013 WL 1652325 (E.D.N.Y. 2013). Only plaintiff's Truth in Lending Act ("TILA") claims against BANA and BAC Home Loans survived the motion. Additionally, plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim as to BANA, BAC Home Loans, and MERS, and TILA claim as to MERS were dismissed without prejudice, and plaintiff was granted leave to replead these claims.

        On May 15, 2013, Bravo filed an amended complaint, to which he appended at least one new exhibit. Defendants moved to dismiss on July 26, 2013. For the following reasons, defendants' motion is granted in substantial part and

1

denied in part.

## Standard of Review

To survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). On a Rule 12(b)(6) motion, a court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). Where, as here, the plaintiff is not represented by counsel, the complaint must be construed liberally and interpreted to raise the strongest arguments that it suggests, *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (*citing Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)), no matter how inartfully pleaded. *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (*citing Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## Discussion[1]

### 1. Causes of Action Dismissed by the April 9 Memorandum and Order

Plaintiff may not reassert claims that have already been dismissed with

---

[1] Familiarity with the facts of the case is presumed. They are not repeated here but are recounted at *Bravo*, 2013 WL 1652325.

prejudice. *See Lee v. Underhill Wiping Cloth*, 13 F. App'x 62 (2d Cir. 2001). Therefore, the claims dismissed with prejudice by the April 9 Memorandum and Order, including FDCPA and TILA claims against MERSCORP and BOA, and fraud, breach of contract, Real Estate Settlement Procedure Act, and Uniform Commercial Code claims against all defendants, are not properly before the Court. Similarly, plaintiff's redoubled effort to craft a claim under the Declaratory Judgment Act fails for the same reason. To the extent the purported repleading might be construed as a motion for reconsideration, that motion is denied as meritless. These claims were, and remain, dismissed.

## 2. Truth in Lending Act

Despite a less than seamless amendment to the original pleading, at issue on this motion are plaintiff's TILA claims as to MERS, BANA, and BAC Home Loans.[2] Bravo contends that all are responsible for BANA and BAC Home Loan's failure to reply to a request for information, dated December 17, 2011.[3] Defendants do not argue on this motion that Bravo's letter did not trigger a duty to reply under TILA. *See* 15 U.S.C. § 1641(f)(2). Rather, they claim that they escape liability because they did not own the loan at the time Bravo sent the letter.

---

[2] Exhibit H to the amended complaint, which was not appended to the initial complaint, supplies new facts critical to the plausibility of plaintiff's TILA claim. Therefore, the Court has reevaluted plaintiff's TILA claims as to BANA and BAC Home Loans, even though they survived defendants' initial motion to dismiss.

[3] Plaintiff struck from his amended complaint the paragraph of the original complaint that alleged a TILA violation. Nonetheless, he preserved his claim by annexing his letter to BANA and BAC Home Loans, which references TILA. Solicitously, the Court incorporates the letter into the amended pleading.

3

TILA imposes a duty on a loan servicer to respond to a borrower's requests for information about the identity and contact information of the owner or master servicer of his loan. *See* 15 U.S.C. § 1641(f)(2). However, as the Court observed in its April 9 Memorandum and Order, in the event of a servicer's breach, the statute imposes liability *not* on the servicer but on the creditor or assignee-owner of the loan.[4] *See also Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1245 (9th Cir. 2012); *Runkle v. Federal Nat'l Mortgage Assoc.*, 905 F. Supp. 2d 1326 (S.D. Fla. 2012). Additionally, liability attaches to a creditor or assignee-owner's nominee. *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 422 (S.D.N.Y. 2010); *Johnson v. Scala*, 2007 WL 2852758 at *1 (S.D.N.Y. 2007).

That BANA and BAC Home Loans had a role in Bravo's loan arrangement is well pleaded. The extent of that role is more complicated to dissect. As a starting point, the parties agree, and the documents attached to Bravo's complaint bear out, that the two entities serviced the loan at some point. Defendants assert, however, that their duties ended there. Stated differently, they claim that BANA and BAC Home Loans were nothing more than mere servicers; they did not own the loan. Ultimately, the documents incorporated into plaintiff's amended complaint support defendants' story. A printout from Fannie Mae's website, which was not attached to the original complaint, reflects that Fannie Mae acquired

---

[4] In this context, creditor liability adheres only to the party that owns a loan at the time of a servicer's violation, not to the original lender. *Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1245 (9th Cir. 2012).

4

Bravo's loan (ostensibly, but not necessarily, from Bravo's original lender, Countrywide Home Loans, Inc.) on August 1, 2003, and held the loan at least until May 11, 2013. (Amended Compl., Count 1 at ¶ 12, Ex. H at 77.)

An official record showing that the mortgage instrument—as distinguished from the note evidencing the loan itself—was assigned to BANA on October 3, 2011 does not support an alternate inference. (*See* Amended Compl., Ex. G at 69.) While it is true that, in New York, a mortgage instrument cannot be separated from the note evidencing the corresponding debt, *In re MERSCORP, Inc.*, 8 N.Y.3d 90, 100, 861 N.E.2d 81, 85-86, 828 N.Y.S.2d 266, 270-71 (2006) (Ciparick J. concurring), it is "the mortgage [that] passes as an incident to the note," *Bank of N.Y. v. Silverberg*, 926 N.Y.S.2d 532, 537, 86 A.D.3d 274, 280 (2d Dep't 2011). The reverse is not true. *In re Escobar*, 457 B.R. 229, 241 (Bkr. E.D.N.Y. 2011). The note evidencing the loan does not follow the assignment of the mortgage instrument. *Id.* If anything then, the disparity between Exhibits G and H, calls into question the validity of the transfer of the mortgage instrument to BANA.[5] *See In re MERSCORP, Inc.*, 8 N.Y.3d at 100, 861 N.E.2d at 85, 828 N.Y.S.2d at 270 (Ciparick J. concurring) (("'a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it'") (*quoting Merritt v. Bartholick*, 36 N.Y. 44, 45 (1867)). It does not, in any event, undercut evidence of Fannie Mae's ownership of Bravo's

---

[5] The question of whether a loan servicer may service (as distinguished from foreclose upon) a mortgage loan on behalf of a creditor or assignee-owner in the absence of a proper mortgage assignment is not before the Court and, as a consequence, is not decided on this motion.

loan. Therefore, BANA and BAC Home Loans are not liable under § 1641(f)(2).

Conversely, the complaint supports a TILA claim against MERS. Under the terms of the mortgage instrument associated with Bravo's loan, MERS acted as nominee for both Bravo's original creditor, Countrywide Home Loans, Inc., and its successors and assigns, including current owner Fannie Mae. (*See* Amended Compl., Ex. B at 28.) As nominee of the owner of Bravo's debt at the time BANA and/or BAC Home Loans' allegedly violated § 1641(f)(2), MERS can be held liable.

Accordingly, Bravo's TILA claim against BANA and BAC Home Loans is dismissed with prejudice. But, as to MERS, the motion is denied.

### 3. Fair Debt Collection Practices Act

FDCPA governs the conduct of debt collectors, which it defines as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excepted from the broad definition is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(G). The legislative history of § 1692a(6) reflects that the exemption extends to mortgage servicing companies that service debt for others so long as the debt was not in default when it was taken for servicing. S. REP. 95-382, S. REP. 95-382, 3-4, 1977 U.S.C.C.A.N. 1695, 1698.

Both BAC Home Loans and BANA fit squarely within the exception

described in the legislative history.[6] Bravo's mortgage, according to documents he attached to his complaint, did not default until October 2011, (Amended Compl., Ex. D at 59), over three years after BAC Home Loans became the servicer,[7] (Amended Compl., Parties' Description ¶ 5) and three months after BANA replaced BAC Home Loans as servicer. Neither are liable under FDCPA. These claims are dismissed. Lacking an underlying violation for which MERS can be held vicariously liable, Bravo's claim against MERS must, and does, fail as well.

## Conclusion

For the foregoing reasons, defendant's motion is granted in substantial part and denied in part. Only plaintiff's TILA claim as to MERS survives. All

---

[6] BANA escapes liability under FDCPA because of when it began servicing Bravo's loan, not because it owns Bravo's loan. Therefore, Bravo's prolix effort to establish BANA's liability by attacking its ownership of the loan, (*see* Amended Compl. ¶¶ 17-18, 33), has no bearing on the outcome of his claim. Nonetheless, the Court turns briefly to the substance of his two-pronged challenge. Bravo begins with the premise that BANA does not in fact own his loan, because the assignment of his mortgage was invalid. He cites violations of the Pooling and Servicing Agreement ("PSA") by which, he alleges, his loan was securitized, as well as noncompliance with various notarial statutes by the notary who notarized the assignment of his mortgage. (Amended Compl. ¶¶ 17-33). As an initial matter, Bravo takes aim at the wrong target. He focuses on the assignment of the *mortgage instrument* associated with his loan, not the *note* evidencing his mortgage. The note, not the mortgage instrument, establishes ownership of the loan. *See supra* at 5-6. Therefore, even if the mortgage assignment were invalid, it would not affect whether BANA owned his loan. Moreover, and dispositively, Bravo lacks standing to challenge the assignment of his mortgage, meaning that he is not a proper party to challenge the assignment as a nonparty to the PSA. *See Rajamin v. Deutsche Bank Nat'l Trust*, 2013 WL1285160 at *3 (S.D.N.Y. 2013) (collecting cases); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ("[P]laintiff must have suffered an "injury in fact". . . [and] there must be a causal connection between the injury and the conduct complained of . . . ."). The Court construes Bravo's notarization claims—which he directs at the corporate defendants, not the notaries themselves—to be a further attack on compliance with the PSA. Therefore, it too is foreclosed by Bravo's lack of standing.

[7] According to the complaint, BAC Home Loans began servicing Bravo's loan when it merged with Countrywide Home Loans Servicing LP, ostensibly the servicer of Bravo's loan at that time.

other remaining claims are dismissed with prejudice.

    **SO ORDERED.**

Dated:    Brooklyn, New York
        August 31, 2013

                                            s/ENV

                                          ERIC N. VITALIANO
                                          United States District Judge